# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF BAY

MICHELE DYER,

Plaintiff,

v.

Case No. 26-3500-NO
Hon.
JOSEPH K. SHEERAN
P# 28575

DOLGENCORP, LLC d/b/a
DOLLAR GENERAL #17485,

Defendant.

___________________________________/

**BRIAN T. KECK (P77668)**
BUCKFIRE LAW FIRM
Attorneys for Plaintiff
28411 Northwestern Highway, Ste. 300
Southfield, MI 48034
Direct Phone: (248) 331-9909
Direct Fax: (248) 281-5695
brian@buckfirelaw.com
emmy@buckfirelaw.com (asst.)

___________________________________/

STATE OF MICHIGAN
COUNTY OF BAY
ATTESTED
A TRUE COPY
KATHLEEN B. ZANOTTI
CLERK OF CIRCUIT COURT
By __________ Deputy

There is no other pending or resolved civil action arising out of the transaction or occurrence as alleged in this Complaint.

*/s/ Brian T. Keck*
*Brian Keck (P77668)*

**COMPLAINT**

**NOW COMES** the Plaintiff, MICHELE DYER, by and through her attorneys, BUCKFIRE LAW FIRM, and for her Complaint against the Defendant, DOLGENCORP, LLC d/b/a DOLLAR GENERAL #17485, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. That the Plaintiff, MICHELE DYER, is a resident of the City of Bay City, County of Bay, State of Michigan.

2. That the Defendant DOLGENCORP, LLC d/b/a DOLLAR GENERAL #17485 (hereinafter "Dollar General") is a foreign limited liability corporation authorized to conduct business in the State of Michigan which regularly and systematically conducts business in County of Bay, State of Michigan.

3. On August 17, 2025, Defendant Dollar General either owned, possessed and/or exercised control of the premises located at 2425 East Beaver Rd, Kawkawlin, Michigan known as Dollar General #17485.

4. The amount in controversy substantially exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of costs, interest and attorney fees.

5. That this cause of action arose and jurisdiction exists in this Honorable Court as a result of an injury which occurred on the Defendant's premises located at 2425 East Beaver Rd, Kawkawlin, Michigan.

**GENERAL ALLEGATIONS**

6. That the Defendant Dollar General retained the responsibility to maintain the premises located at 2425 East Beaver Rd, Kawkawlin, Michigan, including but not limited to, common areas occupied by patrons of the establishment.

7. On August 17, 2025 Plaintiff Michele Dyer was a patron of Dollar General at 2425 East Beaver Rd, Kawkawlin, Michigan.

8. That Plaintiff, on or about August 17, 2025, was walking outside the Defendant's premises when her foot suddenly caught in a drainage grate which caused her to fall landing on her left knee and wrist.

9. The drainage grate in question was not fully secured to the metal frame such that it posed a hazardous condition to patrons.

10. That the Defendant at all times relevant hereto failed to properly maintain the common area in question and actively caused or failed to remedy the condition which caused Plaintiff's fall and injury.

11. As a result of the fall, Ms. Dyer sought emergency medial care at Mclaren Bay Region Hospital where she was diagnosed with a fracture of shaft of radius (left), traumatic hematoma of left knee, complex tear of the lateral meniscus of the left knee, and tear of the anterior horn of the medial meniscus of the left knee.

**COUNT I – PREMISE LIABILITY**

12. That the Plaintiff realleges and reincorporates paragraphs 1 through 11 of this Complaint.

13. It was the duty of the Defendant to provide a safe place for invitees such as Plaintiff and others similarly situated, and to exercise due care in the operation and maintenance of said premises so as to prevent injury to its invitees.

14. That the Defendant, its employees, agents and/or representatives, owed Plaintiff, an invitee, the greatest duty of care, i.e., to use reasonable care to protect Plaintiff from unreasonable risks of harm, including the duty to inspect, to warn, and to fix any dangerous condition of which it knew or should have known, and that the Plaintiff was unaware.

15. That the condition on the premises, the unsecured metal grate, was objectively dangerous.

16. That the Defendant had a duty towards Plaintiff and other invitees of said premises, to inspect for dangerous conditions and to warn Plaintiff and other invitees of dangerous conditions of which it knew or should have known.

17. That notwithstanding said duties, Defendant, its employees, agents and/or

representatives, breached the above duties, in the following particulars:

a. Negligently maintaining a dangerous and defective condition on a portion of the premises where it knew or should have known invitees would traverse;

b. Creating a dangerous condition by not securing the metal grate to the frame;

c. Failing to take precautionary measures to correct or alleviate the unsafe condition and inadequate notice in the area of the fall;;

d. Failing to inspect said premises for dangerous conditions and failing to warn Plaintiff and others similarly situated of the unsafe condition including inadequate notice, after such time as Defendant knew or could reasonably have known of the unsafe condition;

e. Failing to provide adequate notice in the area of the defective condition;

f. Failing to warn Plaintiff and other invitees of the condition that caused Plaintiff's fall;

g. Improperly maintaining the premises;

h. Violation of local ordinance;

i. Performing other acts of negligence not yet known by Plaintiff but which will be ascertained during the discovery of said litigation.

18. That as a direct and proximate result of the negligence of the Defendant, its employees, agents, and/or representatives, Plaintiff fell and sustained severe injuries and damages including, but not limited to:

a. closed fracture on the shaft of left radius, complex tear of the lateral meniscus of the left knee, tear of the anterior horn of the medial meniscus of the left knee, traumatic hematoma of the left knee, and chronic pain in wrist and left knee, all which required surgeries, physical therapy, pain medications and other medical treatment;

b. pain, suffering, disability, loss of enjoyment of life, mental anguish, emotional distress, fright, shock, humiliation, embarrassment, anxiety, depression, inconvenience, loss of independence, and other noneconomic damages;

c. medical expenses and other out-of-pocket expenses and is likely to incur additional medical expenses and other out-of-pocket expenses in the future;

d. restrictions in ability to participate in activities;

e. Economic and non-economic damages to be determined at trial;

f. Other damages to become known throughout the course of discovery.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant judgment against Defendants to which she is deemed entitled together with interest, costs, and attorney fees well in excess of the jurisdictional minimum of $25,000.00.

**COUNT II – NEGLIGENCE**

19. That the Plaintiff realleges and reincorporates paragraphs 1 through 18 of this Complaint.

20. That the Defendant, its employees, agents, and/or representatives, created an unnatural condition, an unsecured metal grate, or failed to alleviate that condition if caused by another individual in a safe and timely manner.

21. That the Defendant had a non-delegable duty to maintain the area in question.

22. That the Defendant had a duty to alleviate a dangerous condition and a duty to provide a safe environment at its place of business, including making routine inspections of the premises and ensuring that the grate was secured to the metal frame.

23. That Defendant, and its employees, agents and/or representatives' negligent conduct, as described above, was separate and distinct from the dangerous condition on the premises.

24. That the Plaintiff's injuries and damages are directly based upon the conduct of the Defendant, and its employees, agents and/or representatives, and therefore, her injuries were not merely caused by the existence of a condition on the premises.

25. That as a result of the negligence of the Defendant, its employees, agents and/or representatives, the Plaintiff's foot stuck in the grate and she fell due to the fact that the grate had not been fastened to the metal frame.

26. That as a direct and proximate result of the negligence of the Defendant, its employees, agents, and/or representatives, Plaintiff fell and sustained severe injuries and damages including, but not limited to:

a. closed fracture on the shaft of left radius, complex tear of the lateral meniscus of the left knee, tear of the anterior horn of the medial meniscus of the left knee, traumatic hematoma of the left knee, and chronic pain in wrist and left knee, all which required surgeries, physical therapy, pain medications and other medical treatment;

b. pain, suffering, disability, loss of enjoyment of life, mental anguish, emotional distress, fright, shock, humiliation, embarrassment, anxiety, depression, inconvenience, loss of independence, and other noneconomic damages;

c. medical expenses and other out-of-pocket expenses and is likely to incur additional medical expenses and other out-of-pocket expenses in the future;

d. restrictions in ability to participate in activities;

e. Economic and non-economic damages to be determined at trial;

f. Other damages to become known throughout the course of discovery.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant judgment against Defendants to which she is deemed entitled together with interest, costs, and attorney fees well in excess of the jurisdictional minimum of $25,000.00.

Respectfully submitted,

By: *_/s/ Brian T. Keck_*
**BRIAN T. KECK (P77668)**
BUCKFIRE LAW FIRM
Attorneys for Plaintiff
28411 Northwestern Highway, Ste. 300
Southfield, Michigan 48034
Direct Phone (248) 331-9909
Direct Fax (248) 281-5695
brian@buckfirelaw.com
emmy@buckfirelaw.com (asst.)

DATED: July 10, 2026

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF BAY

MICHELE DYER,

Plaintiff,

v.

Case No. 26-3500-NO
Hon. JOSEPH K. SHEERAN P# 28575

DOLGENCORP, INC. d/b/a
DOLLAR GENERAL #17485,

Defendant.

**BRIAN T. KECK (P77668)**
BUCKFIRE LAW FIRM
Attorneys for Plaintiff
28411 Northwestern Highway, Ste. 300
Southfield, MI 48034
Direct Phone: (248) 331-9909
Direct Fax: (248) 281-5695
brian@buckfirelaw.com
emmy@buckfirelaw.com (asst.)

STATE OF MICHIGAN
COUNTY OF BAY
ATTESTED
A TRUE COPY
KATHLEEN B. ZANOTTI
CLERK OF CIRCUIT COURT
By ____ Deputy

**PLAINTIFF'S DEMAND FOR TRIAL BY JURY**

NOW COMES the Plaintiff, MICHELE DYER, by and through her attorneys, BUCKFIRE LAW FIRM, and hereby demands a trial by jury in the within cause of action.

Respectfully submitted,

By: */s/ Brian T. Keck*

**BRIAN T. KECK (P77668)**
BUCKFIRE LAW FIRM
Attorneys for Plaintiff
28411 Northwestern Highway, Ste. 300
Southfield, Michigan 48034
Direct Phone (248) 331-9909
Direct Fax (248) 281-5695
brian@buckfirelaw.com
emmy@buckfirelaw.com (asst.)

DATED: July 10, 2026